UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
In re                                               Chapter 11

JOSEPH F. EWA, M.D.P.C.,                            Case No. 09-49095

                Debtor.
---------------------------------------------------x

## ORDER APPROVING LIFT STAY STIPULATION

Upon the stipulation of settlement by and between JEMS, LLC (the "Lender") and Joseph F. Ewa M.D.P.C. (the "Debtor") as set forth on the record of the hearing held on January 26, 2010 in the above-captioned matter, the Bankruptcy Court hereby finds as follows:

1. The Debtor filed a Chapter 11 Petition on October 16, 2009.

2. The Lender filed a motion seeking, among other things, relief from the automatic stay on December 15, 2009 (the "Motion").

3. The Lender holds a perfected first priority lien on commercial condominium unit known as 747 Fulton Street #2, Brooklyn New York (collectively the "Premises") by virtue of the Loan documents are annexed as Exhibit A to the Motion.

4. Pursuant to that certain March 5, 2009 stipulation and order entered in the Supreme Court for Kings County, New York, a copy of which is annexed as Exhibit B to the

Motion, together the Lender's additional costs as set forth on the Worksheet filed by the Lender in the Bankruptcy Court on January 22, 2010, the amount due under the Loan Documents is $436,750 as of December 14, 2009, plus interest as it accrues at the rate of $200 per day (the "Payoff Amount").

5. The Debtor and the Lender have agreed to the terms of this Order in order to resolve the issues raised in the Motion on consent.

**NOW, THEREFORE,** based upon the foregoing findings of fact, and the agreement of the parties the Bankruptcy Court Orders as follows:

1. At any time through and including September 22, 2010, the Debtor shall be entitled to pay the Lender the Payoff Amount including interest as it accrues until the payment date, in full in cash in full and final satisfaction of the Debtor's obligations under the Loan Documents.

2. In the event the Debtor does not make payment in full in cash as set forth in the preceding paragraph, the Debtor the Premises shall be sold in the Bankruptcy Court pursuant to section 363 of the Bankruptcy Code, (which sale shall preserve the Lender's right to credit bid), on the earliest date practicable after September 22, 2010 (the "Sale").

3. On or before June 10, 2010 the Debtor shall file a motion in the Bankruptcy Court seeking approval of the terms of the Sale and seeking authorization to conduct the Sale, if necessary, on the earliest date practicable after September 22, 2010.

4. The Debtor shall be entitled to a carve-out of up to $5,000 from the Sale proceeds or from the Payoff Amount, as the case may be, to be allocated solely to the Debtor's legal fees incurred in connection with the Sale.

5. Pending payment of the Payoff Amount or the closing of the Sale, as the case may be, the Debtor shall turnover to the Lender all of the proceeds of the Premises including all rental income as and when received, provided, however, that subject to the Lender's prior written consent, which consent shall not be unreasonably withheld, the Debtor shall be entitled to use the rental income generated by the Premises for the purpose of paying ordinary day to day expenses necessary to the maintenance of the Premises.

Dated: Brooklyn, New York
March *10*, 2010

**SO-ORDERED**

S/Dennis E. Milton
**UNITED STATES BANKRUPTCY JUDGE**