UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                             Chapter 11

JOSEPH F. EWA, M.D.P.C.,                          Case No. 09-49095

                Debtor.                           **NOTICE OF HEARING**
-----------------------------------------------------------x

     PLEASE TAKE NOTICE, that a hearing will be held before the Honorable Joel B. at the United States Bankruptcy Court, 271 Cadman Plaza, Brooklyn, New York 11201, on the 22nd day of September, 2010 at 9AM. or as soon thereafter as counsel can be heard, to consider the application of Joseph M. Ewa, M.D.P.C. for an order pursuant to section 363 of the Bankruptcy Code approving terms of the proposed sale of the Debtor's real property located at located at **747 Fulton Street #2, Brooklyn New York** to Jems LLC, or its designee for a credit bid of **$436,750**, subject to higher and better offers.

     PLEASE TAKE FURTHER NOTICE, that objections, if any, shall be in writing, served upon the undersigned and filed with the Court at least three days prior to the hearing date.

Dated: Brooklyn, New York
      August 24, 2010

                                  **GEORGE M. GILMER**
                                  **Attorney for the Debtor**

By:   /s/George M. Gilmer (gg5479)
        943 Fourth Avenue
        Brooklyn, New York 11232
        (718) 788-0100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                          Chapter 11

JOSEPH F. EWA, M.D.P.C.,                                       Case No. 09-49095

               Debtor.
-----------------------------------------------------------x

**APPLICATION FOR AN ORDER APPROVING SALE OF ESTATE PROPERTY AND ESTABLISHING TERMS AND CONDITIONS OF ANY COMPETING OFFERS**

        Joseph F. Ewa, M.D.P.C., the debtor and debtor-in-possession herein (the "Debtor"), by its counsel George M. Gilmer, as and for its application pursuant to Sections 363(b) and (f) of the United States Bankruptcy Code (the "Bankruptcy Code"), for an order approving the proposed sale of the Debtor's real property located at 747 Fulton Street #2, Brooklyn New York (the "Condominium") to Jems LLC, or its designee (the "Lender") for a credit bid of $436,750, subject to higher and better offers, and establishing the terms and conditions of any competing offers, respectfully represents as follows:

## BACKGROUND

1.     On October 16, 2009 ("Filing Date"), the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

2.     Prior thereto, on December 20, 2006 JEMS made a $300,000 loan to the Debtor secured by the Condominium (the "Loan").

3. The Loan matured on or about February 1, 2008 and no payments were made since that time until after the Debtor filed his Chapter 11 Petition. Accordingly, JEMS commenced a foreclosure action. After several failed attempts to reach a settlement in the foreclosure action, and after a personal bankruptcy petition filed by Dr. Ewa, the Debtor filed this case.

4. In this Court, the Debtor and Jems entered into a Court-approved stipulation, a copy of which is annexed hereto as Exhibit A, pursuant to which the Debtor is entitled to pay off the Jems mortgage on or before September 22, 2010. In the event the Debtor fails to make payment by that date, then the parties agreed that the Debtor will sell the Condominium in this Court on the first available date after September 22, 2010. Since court approval of the stipulation, the Debtor has collected an turned over rental proceeds to Jems totaling approximately $35,000.

5. As set forth in the stipulation, the amount due on the Loan is $436,750 as of December 1, 2009. Filings in this Court by the Debtor and by Jems indicate a value of between $240,000 and $385,833. The Debtor is confident, however, that the actual value of the Condominium is well in excess of the amount due to Jems.

6. Presently, the Condominium is leased to a restaurant for $5,500 per month.

7. In summary, the Debtor is obligated to prepare for the contingency of non-payment to Jems by September 22, 2010, by seeking approval of sale procedures for the conduct of a sale shortly after September 22, 2010.

**RELIEF REQUESTED HEREIN**

8. By this application, therefore, in the event it becomes necessary, the Debtor seeks authority to sell the Property at an auction sale to be conducted by this Court, to the highest bidder free and clear of any liens claims and encumbrances, with all such liens claims and encumbrances to attach to the proceeds of sale.

9. In that regard, Bankruptcy Code Section 363(b) provides that a Debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Section 363(f) of the Bankruptcy Code provides further, that a Debtor may sell property of the estate free and clear of liens claims and encumbrances.

10. The Debtor is not proposing a break up fee or overbid protection.

11. The Debtor proposes to serve a copy of this Application (including all exhibits thereto) by overnight delivery on all known creditors and parties in interest, (including

3

all entities that have filed proofs of claim and/or notices of appearance herein), and the Office of the United States Trustee.

12. In addition, the Debtor proposes to publish notice (the "Notice") of the date, time and place of the hearing with respect to this application at least once in a newspaper of general circulation at least two weeks before the sale. Said Notice will state that the Court will entertain higher or better offers for the Property. The Notice will be substantially in the form annexed hereto as Exhibit B.

13. The Debtor respectfully submits that such notice is sufficient under Bankruptcy Code Section 363 and Bankruptcy Rules 2002 and 6004.

14. No previous application for the relief requested herein has been made to this or any other Court.

15. The Debtor respectfully requests that this Court waive the requirements of Local Bankruptcy Rule 9013-1(b) since this Application does not present any novel issues of law and contains a brief discussion of the relevant case law.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter the annexed order setting a hearing on the Debtor's application to approve the proposed sale of the Property, and establishing terms and conditions of any competing offers, granting such other relief as is just and proper.

Dated: Brooklyn, New York
      August 24, 2010

                              **GEORGE M. GILMER, ESQ.**
                              **Attorney for the Debtor**

By:    s/George M. Gilmer (gg5479)
         943 Fourth Avenue
         Brooklyn, New York 11232
         (718) 788-0100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                             Chapter 11

JOSEPH F. EWA, M.D.P.C.,                                               Case No. 09-49095

                Debtor.                                        **VERIFICATION**
----------------------------------------------------------x

STATE OF NEW YORK   )
                                  ) ss:
COUNTY OF NEW YORK  )


        Joseph F. Ewa, being duly sworn, states as follows:

        1.   I am the president of Joseph F. Ewa, M.D.P.C.

        2.   I have read the annexed Application, and the facts contained therein are true and correct to the best of my knowledge information and belief.


                                                                /s/Joseph F. Ewa


Affirmed to before me this
___th day of June, 2010


/s/
_____
Notary Public


              ALIDA RIVERA
    Notary Public, State of New York
          No. 01RI4922044
    Qualified in Richmond County
    Certificate filed in Kings County
  Commission Expires Feb. 28, 20___

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
In re                                               Chapter 11

JOSEPH F. EWA, M.D.P.C.,                            Case No. 09-49095

            Debtor.
---------------------------------------------------x

## ORDER APPROVING LIFT STAY STIPULATION

Upon the stipulation of settlement by and between JEMS, LLC (the "Lender") and Joseph F. Ewa M.D.P.C. (the "Debtor") as set forth on the record of the hearing held on January 26, 2010 in the above-captioned matter, the Bankruptcy Court hereby finds as follows:

1. The Debtor filed a Chapter 11 Petition on October 16, 2009.

2. The Lender filed a motion seeking, among other things, relief from the automatic stay on December 15, 2009 (the "Motion").

3. The Lender holds a perfected first priority lien on commercial condominium unit known as 747 Fulton Street #2, Brooklyn New York (collectively the "Premises") by virtue of the Loan documents are annexed as Exhibit A to the Motion.

4. Pursuant to that certain March 5, 2009 stipulation and order entered in the Supreme Court for Kings County, New York, a copy of which is annexed as Exhibit B to the

Motion, together the Lender's additional costs as set forth on the Worksheet filed by the Lender in the Bankruptcy Court on January 22, 2010, the amount due under the Loan Documents is $436,750 as of December 14, 2009, plus interest as it accrues at the rate of $200 per day (the "Payoff Amount").

5. The Debtor and the Lender have agreed to the terms of this Order in order to resolve the issues raised in the Motion on consent.

**NOW, THEREFORE,** based upon the foregoing findings of fact, and the agreement of the parties the Bankruptcy Court Orders as follows:

1. At any time through and including September 22, 2010, the Debtor shall be entitled to pay the Lender the Payoff Amount including interest as it accrues until the payment date, in full in cash in full and final satisfaction of the Debtor's obligations under the Loan Documents.

2. In the event the Debtor does not make payment in full in cash as set forth in the preceding paragraph, the Debtor the Premises shall be sold in the Bankruptcy Court pursuant to section 363 of the Bankruptcy Code, (which sale shall preserve the Lender's right to credit bid), on the earliest date practicable after September 22, 2010 (the "Sale").

3. On or before June 10, 2010 the Debtor shall file a motion in the Bankruptcy Court seeking approval of the terms of the Sale and seeking authorization to conduct the Sale, if necessary, on the earliest date practicable after September 22, 2010.

4. The Debtor shall be entitled to a carve-out of up to $5,000 from the Sale proceeds or from the Payoff Amount, as the case may be, to be allocated solely to the Debtor's legal fees incurred in connection with the Sale.

5. Pending payment of the Payoff Amount or the closing of the Sale, as the case may be, the Debtor shall turnover to the Lender all of the proceeds of the Premises including all rental income as and when received, provided, however, that subject to the Lender's prior written consent, which consent shall not be unreasonably withheld, the Debtor shall be entitled to use the rental income generated by the Premises for the purpose of paying ordinary day to day expenses necessary to the maintenance of the Premises.

Dated: Brooklyn, New York
March _10_, 2010

**SO-ORDERED**

S/Dennis E. Milton
**UNITED STATES BANKRUPTCY JUDGE**

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                    Chapter 11

JOSEPH F. EWA, M.D.P.C.,                                 Case No. 09-49095

                Debtor.
------------------------------------------------------------x

## NOTICE OF SALE

PLEASE TAKE NOTICE, that upon the application of Joseph F. Ewa, M.D.P.C. ("Debtor"), a hearing ("Hearing") will be held on _____, 2010 at 9:30aM., or as soon thereafter as counsel can be heard, before the Honorable Joseph B. Rosenthal, at the United States Bankruptcy Court, 271 Cadman Plaza, Brooklyn, New York 11201, to approve the sale of that certain property located at **747 Fulton Street #2, Brooklyn New York**, together with the personal property appurtenant thereto ("Property") to JEMS LLC for a $436,750 credit towards JEMS LLC's senior secured claim against the Property, subject to higher and/or better offers. The Property shall be sold "as is." Except for JEMS LLC, bidding shall be limited to all cash offers, and the minimum opening bid shall be $436,750. All prospective bidders, except JEMS LLC, shall be required to deposit $40,000 in escrow with the undersigned Debtor's counsel in certified funds on or before _____, 2010 at 5:00 p.m. The highest bidder at the Hearing shall be the purchaser (the "Purchaser") of the Property, free and clear of all liens, claims and encumbrances, with any such liens, claims and encumbrances to attach to the proceeds of sale. The Purchaser, (unless JEMS LLC is the Purchaser), shall be required, immediately upon the conclusion of the auction, to deposit in an escrow with Debtor's counsel, in certified funds, the sum of twenty-five (25%) percent of the purchase price ("Deposit"), with the amounts posted with Debtor's counsel prior to the Hearing to be applied towards the Deposit. The Deposit shall be non-refundable in the event Purchaser fails to close on or before thirty days after the Hearing, and in the event the Purchaser fails to so close, the Deposit shall be remitted to JEMS LLC, to be applied to JEMS LLC's claim. In the event the Purchaser closes on or before thirty business days after the Hearing, the Deposit shall be applied to the purchase price. Time shall be of the essence in the closing of this transaction. In the event Purchaser fails to close as set forth herein, then the Debtor shall retain the right to accept the bid next highest in amount to the original Purchaser's bid.

Dated: Brooklyn, New York
       August 24, 2010

                                          **GEORGE M. GILMER, ESQ.**
                                          943 Fourth Avenue
                                          Brooklyn, New York 11232
                                          (718) 788-0100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                             Chapter 11

JOSEPH F. EWA, M.D.P.C.,                 Case No. 09-49095

                Debtor.
------------------------------------------------------------x

## ORDER APPROVING SALE OF REAL PROPERTY

        Upon the Application of Joseph F. Ewa ("Debtor") for an order pursuant to Sections 363(b) and (f) of the United States Bankruptcy Code (the "Bankruptcy Code"), for approving the sale of the Debtor's real property located at 747 Fulton Street #2, Brooklyn New York (the "Property") to Jems LLC, or its designee for a credit bid of $436,750, and upon the hearing held before this Court on September, 2010, and after due deliberation, and sufficient cause appearing therefor, it is

        ORDERED, that the Debtor is authorized to sell, transfer and convey the Property to _____ (the "Purchaser") for the sum of $_____ free and clear of all liens, claims and encumbrances, with any liens claims and encumbrances to attach to the proceeds of sale; and it is further

        ORDERED, that the Purchaser, as transferee of the Property under the Sale Contract, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provision of law; and it is further

        ORDERED, that Debtor be, and it hereby is, expressly authorized and empowered to execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close on the sale of the Property, and to perform and do all acts that may be required in connection therewith.

Dated: Brooklyn, New York
        September ___, 2010

                                                         _____
                                                         UNITED STATES BANKRUPTCY JUDGE