HEARING DATE AND TIME: November 16, 2009 at 10:00 a.m. (Eastern Time)
OBJECTION DEADLINE: November 12, 2009 at 4:00 p.m. (Eastern Time)

Colvin Goddard
LAW OFFICES OF COLVIN GODDARD & ASSOCIATES P.C.
2536 Far Rockaway Boulevard
Far Rockaway, New York 11690
Telephone: (917) 832 9249
Facsimile: (718) 868 8854
Attorneys for Guarantor, Dr. Joseph Ewa

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
    JOSEPH F. EWA M.D.,P.C.                  :    09-49095
                                             :
              Debtor.                        :
                                             :
-------------------------------------------------------------x

**OBJECTIONS TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m), AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO APPROVE THE SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF**

Dr. Joseph F. Ewa, Guarantor of the indebtedness of Joseph F. Ewa M.D., P.C by his attorneys, LAW OFFICES OF COLVIN GODDARD & ASSOCIATES P.C., Colvin Goddard Esq., with respect to the above captioned Chapter 11 bankruptcy proceeding at U.S. Bankruptcy Court in Brooklyn, N.Y., hereby files an objection with respect to the sale of real estate during the November 16, 2010 asset auction:

     This matter comes before the Court on the Application of Joseph Ewa M.D., P.C. (the Debtor) to approve the Sale of Debtor's real property located at 747 Fulton Street, Brooklyn, New York. For the following reasons, the Application must be granted.

Jurisdiction
This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O), and the Eastern District of New York standing order of reference dated August 28, 1986.

Background

The following relevant facts are not in dispute. The Debtor, a New York Corporation, commenced this chapter 11 case on July 28, 2009. The Debtor's assets consist primarily of one hundred percent (100%) ownership interests in a commercial condominium, known as Sopo Commercial Condo #2 or 747 Fulton Street. Jems LLC (the Lender) holds a mortgage and security interest in this real property, securing a debt of Three Hundred Thousand ($300,000.00) Dollars. Dr. Joseph Ewa has personally guaranteed the Debt. Other creditors of the Debtor include Highbridge Realty $65,000.00, Lennard Hunter $45,000.00, Christopher Sowers Esq., $22,000.00, Arthur Sherman $74,000.00, Christopher Sowley PhD, $16,541.68 and Dr. Samuel Okoronkwo $6,000.00. Debtor owes $16,240.30 to various taxing authorities. Prior to the filing of this chapter 11 case, the Lender commenced an action in state court to foreclose its mortgage on Debtor's real property and to recover on the guarantees. The parties entered concluded a Stipulation of Settlement, but immediately thereafter and before its implementation, Debtor sought reorganization under chapter 11 of the bankruptcy code. On 03/19/2010 Debtor and Creditor signed a Stipulation, the main features of which are: (a) Debtor was said to have owed Lender Four Hundred and Thirty Six Thousand, Seven Hundred and Fifty ($436,750.00) Dollars with a daily interest amount of Two Hundred ($200.00) Dollars. (b) If Debtor did not pay the "Payoff Amount" on or before September 22, 2010 the Premises shall be sold in the Bankruptcy Court pursuant to section 363 of the Bankruptcy Code. (c) the Lender's right to credit bid in the amount of $436,750.00 was alleged to be protected. On March 19, 2010, the Court issued a decision and an order approving the Stipulation, from which no appeal was taken. The Stipulation makes no provision, if the Debtor obtains and delivers the payoff amount to the Lender by September 22, 2010 other than that its obligation to the Lender will be satisfied. There is no reason to believe Debtor's bankruptcy case will be dismissed although it seems to be the case that no auction sale under Section 363 will be scheduled in that eventuality. As it happened, the Court adjourned the September 22, 2010 until 10/00/2010, sua sponte. Debtor had already obtained and communicated to Lender, the existence of a letter of Intent which would allow the Debtor to refinance in the amount of $460,000.00. When informed of the letter of intent and requested to discount the debt, Lender refused to enter into any negotiation. Debtor determined to apprise the Court of the Letter of intent on the adjourned date, 10/00/2010 because the Court had not declared a Default on 09/22/2010. On the adjourned date, the Court noted its concern with the fact that Lender's Counsel drafted the Stipulation, with the $436,750.00 stated therein as indebtedness, and also with the fact that debtor accepted the Stipulation without objection. The Court urged the parties to work out a resolution. The Lender remained opposed to any workout and Debtor's Motion for permission to process a new mortgage loan was denied on 11/01/2010.

Discussion

1. The Guarantor relies upon the Constitution of the State of New York and the United States Constitution, the Guarantor for his claim of due process at every stage of these proceedings.

2. The Guarantor's interest herein is adverse to the interests of the Debtor and the Creditors and without separate representation, the Guarantor will not be adequately protected and will be negatively affected if the procedures adopted in the Notice of Sale are not amended, however, Guarantor will be bound by a judgment in the above entitled action.

3. The process pursued by the Debtors and its representatives is not transparent and was designed to be anything but a thorough, robust, competitive process. The Stipulation dated 01/26/2010, upon which the Order of Sale is based, was drafted by Counsel for Jems LLC and is patently self serving the interests of Jems LLC. Its contents are reflected in the protections afforded Jems LLC in this process and more especially reflected in the Notice of Sale.

4. The Guarantor opposes acceptance of a bid of $300,000.00 for the real property of Debtor known and described as 747 Fulton Street, Brooklyn, New York, because the offer is not even marginally reasonable as reflected in the annexed appraisal dated May 3, 2010 (Exhibit1).

5. The Notice of Sale is defective in that it is based upon incorrect computations by Jems LLC which provides protection in the form of an unwarranted credit to Jems LLC well in excess of the amount that Jems LLC is owed by Debtor.

6. Worksheet 1 (Exhibit 2) annexed hereunto shows that Jems LLC is owed a balance of $341,921.39. The Notice of Sale incorrectly credits Jems LLC with $436,750.00 and thereby unfairly taints the bidding process by providing Jems LLC protection in the form of a credit to which it is not entitled.

7. Worksheet 2 (Exhibit 3) annexed hereunto shows that even if the self serving Stipulation dated 01/26/2010 is accepted, Jems LLC is owed a balance of $427,626.78. The Notice of Sale incorrectly credits Jems LLC with $436,750.00 and thereby unfairly taints the bidding process by providing Jems LLC protection in the form of a credit to which it is not entitled.

7. If the Court permits this sale to proceed, Jems LLC benefits from a huge and patently unfair advantage in the bidding process because Jems LLC receives a credit in the bidding process to which it is not entitled.

8. The accelerated sale schedule, whereby Debtor's anticipated default on 09/22/2010 required a Motion approving a Sale on 06/10/2010, erroneously requires the Debtor to divert significant financial resources to facilitate a sale, well in advance of a potential default and without the articulation of exigent circumstances.

9. The accelerated sale schedule, if adhered to, would impair the estate's ability to achieve the highest or best price for the asset as the appraisals in the record demonstrate.

10. The bid protections provided to Jems LLC with respect to providing Jems LLC a credit in an unwarranted amount will chill bidding. A fact easily demonstrable by the lack of interest in the current bidding process. The proposed bidding procedures contain protections for Jems LLC that are inappropriate and which have chill participation by Prospective Interested Parties.

11. If the procedures in the Notice of Sale are adhered to, they will ensure a "backdoor" takeover of the Debtor's most significant asset by a single creditor, Jems LLC and a "windfall" profit to Jems LLC, contradicting a legal requirement that a judge decide such issues at a confirmation hearing.

12. In a case like this in which the debtor's assets are unique and coveted because of the manifest gentrification and ethnic transformation of the neighborhood, this Court must ensure that the Guarantor, the Debtor and the Creditors have the benefit of a transparent process which serves their collective interests and which is not characterized by unwarranted haste.

13. The value of the asset is not declining and there is no emergency or other "good cause" which requires this sale to go forward to the detriment of Guarantor, the Debtor and the Creditors.

14. It is the Guarantor's opinion, that this sale has been arranged solely for the benefit of the creditor Jems LLC.

15. The sale as arranged constricts the Debtor's ability to confirm a plan in that the sale does not require a transfer of cash by the prospective purchaser, Jems LLC for distribution according to a plan.

16. For all of the foregoing reasons the Notice of Sale should be amended to address the above stated concerns.

Dated: Far Rockaway, New York
November 12, 2010

LAW OFFICES OF COLVIN GODDARD
& ASSOCIATES P.C.
Attorneys for Dr. Joseph Ewa as Guarantor

s/Colvin Goddard
By: Colvin Goddard
2536 Far Rockaway Boulevard
Far Rockaway, New York 11691

To:

George Gilmer Esq.
Attorney for the Debtor
943 Fourth avenue
Brooklyn, New York 11232
718 788 0100

Mark A. Frankel
Backenroth, frankel & Kninsky, LLP
Attorneys for creditor Jems LLC
489 Fifth Avenue
New York, New York 10017
(212) 593 1100

Anthony Onua Esq.
Attorney for creditor Highbridge Realty
3343 Paulding Avenue
Bronx, NY 10469

Christopher Sowers Esq.
907 Fulton Street, 2nd floor
Brooklyn, New York 11238

Lindenbaum & Young P.C.
Attorneys for the Creditor Arthur Sherman
16 Court Street, Suite 2107
Brooklyn, NY 11241

Vivian M. Williams Esq.
Attorney for creditor Lennard Hunter
14 Wall Street, 20th Floor
New York, NY 10005

Christopher Sowley PhD.
4555 Henry Hudson Parkway, Apt 801
New York, NY 10471-3844

Dr. Samuel Okoronkwo
137-34 172nd Street
Springfield Gardens, NY 11434