UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
In re:                                                         :     Chapter 11
                                                               :     Case No: 09-49095
JOSEPH F. EWA, M.D., P.C.                                      :
                                                               :
Debtor(s).                                                     :
                                                               :
---------------------------------------------------------------X

## NOTICE OF APPEAL

The Plaintiff-Debtor and Debtor in Possession in the above captioned Chapter 11 Bankruptcy Proceedings, Joseph F. Ewa, M.D., P.C. (the "Debtor"), by and through his attorney, Mr. George M. Gilmer, Esq., ("Counsel') hereby appeals under 28 U.S.C. § 158(a), from the order of the bankruptcy judge to the United States District Court for the Eastern District of New York, entered in this Bankruptcy Proceeding, on the 16th day of November, 2010

A true and correct copy of the *Order* is annexed hereto as **Exhibit A**. The parties to this appeal and their respective counsel are identified on **Schedule 1** annexed hereto.

Dated: Brooklyn, New York
       November 30, 2010

/S/ George M. Gilmer, Esq. (gg5479)

BY: GEORGE M. GILMER
Attorney for Joseph F. Ewa, M.D.PC.
    943 Fourth Avenue
    Brooklyn, New York 11232
    718 788 0100

**Schedule 1**

GEORGE M. GILMER, ESQ.
Attorney for the Plaintiff/Debtor
943 Fourth Avenue
Brooklyn, New York 11232
718-788-0100
718-788-1611 (facsimile)
georgethelawyer@aol.com
ggilmerlawoffice@yahoo.com


BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for JEMS, LLC.
Mark Frankel
Member of the Firm
489 Fifth Avenue
New York, New York 10017
mfrankel@bfklaw.com
mark_frankel@yahoo.com


United States Trustee
USTPRegion02.BR.ECF@usdoj.gov


BRUCE WEINER, ESQ.
Attorney for Creditor Arthur Sherman
rmwlaw@att.net


VIVIAN WILLIAMS, ESQ.
Attorney for Creditor Lennard Hunter
vwilliams@vmwassociates.com

Joseph F. Ewa, MD. P.C., Debtor
735 Fulton Street
Brooklyn, NY 11217

United States Trustee
271 Cadman Plaza East
Room 4529
Brooklyn, NY 11201

NYC Department of Finance
PO Box 32
Church Street Station
New York, NY 10008-0032

NYC Department of Finance
Audit Division
345 Adams Street, 5th Floor
Brooklyn, NY 11201

NYS Department of Taxation and Finance
Bankruptcy Unit
PO Box 5300
Albany, NY 12205


NYS Department of Taxation and Finance
Bankruptcy Unit
PO Box 530
Albany, NY 12201

Portfolio Rc.
Attn: Bankruptcy
120 Corporate Blvd., Suite 100
Norfolk, VA 23502

Vivian M. Williams, Esq.
14 Wall Street, 20th Floor
New York, NY 10005

Afni, Inc.
Attn: DP Recovery Support
PO Box 3427
Bloomington, IL 61702

Anthony Onua, Esq.
3343 Paulding Ave, 1st Floor
Bronx, NY 10469

Arthur Sherman
7808 Marshall Ave
Margate City, NJ 08406

Arthur Sherman
c/o Bruce Weiner
Rosenberg Musso & Weiner
26 Court Street, Suite 2211
Brooklyn, NY 11242

7808 Marshall Ave
Margate City, NJ 08406

Chris Sowers, Esq.
907 Fulton Street
Brooklyn, NY 11238-1704

Christopher Sowley
4555 Henry Hudson Parkway, Apt 801
Bronx, NY 10471

Christopher Sowley
Nelson and Nelson
60 East 42nd Street, Suite 5
New York, NY 10165

Consolidated Edison Company of New York, Inc.
Attn: Bankruptcy Group
4 Irving Place, Room 187-S
New York, NY 10003

Cybro Collect, Inc.
2350 South Avenue
La Crosse, WI 54601

Dr. Samuel Okoronkwo
137-34 172nd Street
Springfield Gardens, NY 11434


Einig & Bush, LLP
420 Lexington Avenue
New York, NY 10170

High Bridge Realty, Corp.
3343 Paulding Avenue
Bronx, NY 10469-3715

IRS
PO Box 21126
Philadelphia, PA 19114-0326

IRS
11601 Roosevelt Blvd
PO Box 21126
Philadelphia, PA 19114

James Gorman Central Insolvency Operation
IRS
11601 Roosevelt Blvd
PO Box 21126
Philadelphia, PA 19114

Jems, LLC
2 Beach Drive
Great Neck, NY 11023

Leaf Financial
100 Executive Center
Columbia, SC 29210

Lennard Hunter
PO Box 329
Fort Plain, NY 13339

Lennard Hunter
Vivian M. Williams, Esq.
14 Wall Street, 20th Floor
New York, NY 10005

National Recover
4201 Crums Mill Road
Harrisburg, PA 17112

PMichaelmk
18609 Union Turnpike
Flushing, NY 11366

PRA Receivables Management, LLC
As Agent Of Portfolio Recovery Assocs.
c/o Consolidated Edison Co. of NY, Inc.
POB 41067
Northfolk, VA 23541

Lennard Hunter
By: Vivian M. Williams, Esq.
Vivian M. Williams & Associates, P.C.
14 Wall Street, 20th Floor
New York, NY 10005

Lindenbaum & Young
16 Court Street, Suite 2107
Brooklyn, NY 11241

Nelson & Nelson, Esq.
60 East 42nd Street, Suite 565
New York, NY 10165

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                           Chapter 11

JOSEPH F. EWA, M.D.P.C.,                        Case No. 09-49095

                Debtor.
----------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR TO SELL AND TRANSFER THAT CERTAIN PROPERTY KNOWN AS 747 FULTON STREET UNIT #2 FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, WITH ALL SUCH LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE PROCEEDS OF SALE**

Upon the application ("Application") of Joseph F. Ewa, M.D.P.C. (the "Debtor") of Inter-County Building Materials Corp. (the "Debtor") pursuant to Sections 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to sell to sell that certain property known as 747 Fulton Street, unit #2 (the "Property") to Success Home Developers, LLC (the "Purchaser"), as Jems LLC's designee, for the purchase price of $300,000, free and clear of all liens, claims and encumbrances, with all such liens, claims and encumbrances to attach to the proceeds of sale, as more fully set forth in the Application; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and due and adequate notice of the Application having been given under the particular circumstances herein; and the objections to the

Application, if any, have either been withdrawn or overruled, and upon the record of the hearing held on November 16, 2010, and upon the entire record of this case; and after due deliberation and good and sufficient cause appearing therefore; it is hereby FOUND AND DETERMINED THAT:

A. The statutory predicates for the relief sought in the Application are sections 363(b), (f), and (m), and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 6004.

B. Adequate and sufficient notice of the Application has been provided in accordance with 11 U.S.C. §§ 102(1), 363 and Fed. R. Bankr. P. 2002 and 6004, and such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Application is necessary or shall be required.

C. The Debtor has demonstrated both: (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the sale of the Property.

D. A reasonable opportunity to object or be heard with respect to the Application has been afforded to all interested persons and entities.

E. The Agreement for the sale of the Property was negotiated, proposed and entered into by the parties without collusion, in good faith, and from arm's-length bargaining positions.

F. The Purchaser is not an insider as that term is defined under section 101 of the Bankruptcy Code, and is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Debtor and the Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Agreement at any time on or after the entry of this Order.

G.	The purchase price for the Property is fair and reasonable and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

H.	The transfer of the Property will be a legal, valid and effective transfer of the Property, and will vest Purchaser with all right, title, and interest of the Debtor to the Property and with good, marketable and insurable title to the Property, free and clear of all interests, liens, claims and encumbrances of any kind (collectively, "Interests").

I.	The Debtor may sell the Property free and clear of all Interests because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of alleged liens, claims or encumbrances who did not object to the Application, are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). The holders of Interests are adequately protected by having such Interests attach to the cash proceeds of the Agreement.

J.	The Debtor has demonstrated that it is an exercise of its sound business judgment to sell the Property to Purchaser, and that said sale is in the best interests of the Debtor, its estate, and its creditors.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.	The Application is granted and the Debtor and the Purchaser are authorized to take any and all action to carry out the terms of this Order, to execute all documents including, but not limited to a deed, and to otherwise consummate the sale of the Property pursuant to the terms of this Order.

2. Pursuant to 11 U.S.C. § 363(b) and (f), upon consummation of the closing of the Agreement, the Property shall be transferred to Purchaser free and clear of all Interests of any kind or nature whatsoever; provided, however, with all such Interests to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Property. Such Interests shall be deemed perfected in the net proceeds of sale without the need for any further actions or filings of U.C.C. statements or any other documents.

3. At closing, in order to satisfy the liens against the Property held by Jems LLC, Purchaser shall make payment directly to Jems LLC which payment shall be applied as a credit against the purchase price.

4. Except as otherwise specifically provided in this Order, all persons and entities, including, but not limited to, all creditors, holding claims or interests of any kind or nature whatsoever against or in the Debtor or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Property prior to the Closing, hereby are forever barred, estopped and permanently enjoined from asserting such persons' or entities' claims or interests against Purchaser, its successors or assigns, its property, or the Property.

5. The consideration provided by Purchaser for the Property shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

6. This Order (a) shall be effective as a determination that, as of the Closing, all Interests of any kind or nature whatsoever existing as to the Debtor or the Property prior to the Closing shall attach to the net proceeds of the Agreement as provided in paragraph 2 above, and that the conveyance described herein has been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deed, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

7. If any person or entity that has filed financing statements, mortgages, mechanic's liens, assignment of rents, affidavit of foreign judgment, judgment lien, lis pendens, or other documents or agreements evidencing liens, claims or other interests in the Debtor or the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, claims or other interest which the person or entity has with respect to the Debtor or the Property or otherwise, then Purchaser is hereby authorized to file, register, or

otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Property of any kind or nature whatsoever.

8. All persons holding claims or interests against or in the Debtor or the Property of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting, or otherwise pursuing such claims against or interests of any kind or nature whatsoever against the Property with respect to any claims or interest of any kind or nature whatsoever such person or entity had, has, or may have against or in the Debtor, its estate, its members, or the Property.

9. This Court retains jurisdiction to enforce and implement the terms of this Order in all respects, including, but not limited to, retaining jurisdiction to (a) resolve any disputes arising under or related to the Order and (b) interpret, implement, and enforce the provisions of this Order.

10. The transactions contemplated by this Order are undertaken by Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Agreement shall not affect the validity of the sale to Purchaser unless such authorization is duly stayed pending such appeal. In the absence of a stay pending appeal, if Purchaser elects to close under the Agreement at any time after entry of this Order, then, with respect to the sale of the

Property, Purchaser is a purchaser in good faith and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

11. The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Debtor's estate, the Debtor's creditors, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting claims against or interests in the Property to be sold to Purchaser pursuant to this Order, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which Debtor(s) such terms and provisions likewise shall be binding.

12. This Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Fed. R. Bankr. P. 6004(g) is waived. Therefore, any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk their appeal being foreclosed as moot.

13. The provisions of this Order are nonseverable and mutually dependent.



Dated: November 16, 2010
Brooklyn, New York

Joel B. Rosenthal
United States Bankruptcy Judge

7

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
In Re: JOSEPH F. EWA, M.D., P.C.

## DEFENDANTS
NA

(b) County of Residence of First Listed Plaintiff  Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  NA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
George M. Gilmer, Esq (gg5479), 943 Fourth Avenue, Brooklyn, New York 11232, 718 788 0100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☒ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Rules of Bankruptcy Procedure, Rule 8000 et seq.

Brief description of cause:
Appealing an Order dated November 16, 2010 by Judge Joel B. Rosenthal

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE                               DOCKET NUMBER

DATE
11/30/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# ARBITRATION CERTIFICATION

I, George M. Gilmer, Esq., counsel for JOSEPH F. EWA, M.D., P.C. do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. _____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (SECTION VIII)

**All cases that are arguably related pursuant to Division of Business Rule 50.3.1 should be listed in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."**

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: **no**

2.) If you answered "no" above:

a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? **no**

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? **no**

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? **no**

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
Yes ✓   No ☐

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
Yes ☐ (If yes, please explain)   No ✓

Please provide your E-MAIL address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court. (This information must be provided pursuant to local rule 11.1(b) of the civil rules).

Attorney Bar Code: 4082996

E-MAIL Address: mgthejd@aol.com

Electronic filing procedures were adopted by the Court in Administrative Order No. 97-12, "In re: Electronic Filing Procedures (ECF)." Electronic filing became mandatory in Administrative Order 2004-08, "In re: Electronic Case Filing." Electronic service of all papers is now routine.

I certify the accuracy of all information provided above.
Signature: _/s/_