CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2011 JUN 10 P 4: 25

RECEIVED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Chapter 11

JOSEPH F. EWA M.D, P.C.

Case No. 09-49095

Debtor.

**AFFIDAVIT OF DR. JOSEPH F. EWA IN SUPPORT OF THAT PORTION OF THE U.S TRUSTEE'S MOTION WHICH SEEKS THE DISMISSAL OF THE PETITION AND IN OPPOSITION TO CREDITOR JEMS LLC'S MOTION.**

State of New York )
                  )
County of Kings   )ss:.

Dr. Joseph Ewa being duly sworn deposes and says that:

1. I am the sole shareholder and the President of the Debtor herein, JOSEPH F. EWA M.D., P.C. I am also the guarantor of the mortgage made by Debtor to Jems LLC.

2. On or about the 7/01/2009, on behalf of the Debtor, I filed a Chapter 13 Bankruptcy Petition in this Court Case Number. 09-45851.

3. The Chapter 13 Petition was dismissed on or about 8/15/2009.

4. Debtor's counsel was recommended to me as a Chapter 11 specialist and he filed the instant matter on behalf of the Debtor on or about 10/16/2009. It has become increasingly clear to me, that although Debtor is entitled to the benefit of independent counsel in its efforts to assist the court, Debtor has not received independent counsel.

5. As early as the Status Conference on 12/22/09, Debtor's counsel was absent from the court, when Mr. Dunstan Torres Esq., an attorney not admitted in Federal Court had to seek permission from Judge Milton to speak on Debtor's behalf.

6. The creditor, Jems LLC filed their motion to lift the automatic stay on 12/14/2009. A month later, On 1/14/2010 Debtor's counsel requested an adjournment to respond to the motion. The opposition to the motion was finally filed on 1/25/2010.

7. This Court (Judge Milton) found it necessary on more than one occasion to address the tardiness of Debtor's counsel in the prosecution of the instant matter.

9. Attorney Valerie Millman of the United States Trustee's office also remarked on more than one occasion on her inability to contact Debtor's counsel and have him address outstanding issues in the instant matter or return her telephone calls.

10. At a Conference on 1/26/2010, a Stipulation drafted by Counsel for creditor Jems LLC in the creditor's interest was entered by Debtor and Jems LLC settling the matter of the debt owed to Jems LLC. None of the other creditor's who had filed claims were party to the Stipulation. The Stipulation provided that the Debtor would pay off the balance on the mortgage to Jems LLC by September 22, 2010. However, the Stipulation also provided for action to the further benefit and advantage of Jems LLC well before September 22, 2010 and a gross miscalculation of the interest due to Jems LLC.

11. It is absurd for counsel for Jems LLC, who prepared the motion papers and draft order and other incidentals to the motion for a sale and filed them through Debtor's counsel, to now argue that the motion to sell the property was made by the Debtor. The motion was compelled by the actions of the creditor's counsel. The demand for a motion approving the sale of the property well prior to any default being even possible, was planted in the Stipulation by the counsel of Jems LLC, while Debtor's counsel behaved like a "potted plant". The Debtor clearly lacked the independence of decision making capacity envisaged by the law and, in my opinion, was a mere puppet of creditor's counsel. It will be a travesty of Justice, to allow this stratagem of Jems LLC to succeed.

12. In order to further exert a financial stranglehold on the Debtor, immediately after the execution of the Stipulation, without waiting for a default to occur, Jems LLC by its agents, approached the tenant of the secured premises and demanded that payment of the rents be made directly to Jems LLC. The Tenant withheld the rent until this demand by the creditor was resolved through additional litigation.

13. I negotiated a refinance loan for $460,000.00 from P&I Partners LLC. Konstantine Volakos serves as my attorney with respect to the refinance. On 04/15/2010 I paid the lender's attorney, Moulinos & Associates, $2,000.00 towards the closing costs. The interest on this loan was fixed @ 15%. Debtor's counsel was timely provided with all the information with respect to the loan.

14. Lender's counsel and Mr. Volakos complained incessantly about difficulty in contacting Debtor's counsel and having their telephone calls returned in a timely fashion.

15. This first refinance commitment was lost because Debtor's counsel failed to timely respond to inquiries from lender's counsel. I am of the opinion, that if

Debtor's counsel had not frustrated the processing of the loan, this matter would have been resolved no later than May 2010.

16. I was able to get the lender to recommit and a new letter was issued 9/25/2010 for a new, but much more expensive loan, the interest now set at 19%. I paid lender's counsel $2,000.00 in connection with the new loan.

17. I also asked my personal attorney, Colvin Goddard Esq., to assist with the matter, and he was able to secure a letter of satisfaction from Highbridge Realty/Anthony Onua Esq., and an agreement from Christopher Sowers Esq. Negotiations, which have been commenced with the remaining unsecured creditors are until now, unresolved.

18. I also negotiated settlement agreements with respect to the tax obligations of the Debtor.

19. On the basis of the new loan commitment, Debtor's counsel brought on a motion on 10/27/2010 for permission to process the new loan and pay Jems LLC and the unsecured creditors.

20. A letter of intent dated September 22, 2010 was timely provided to Debtor's counsel.

21. A loan contract prepared on 10/28/2010 were provided to Debtor's counsel on 10/28/2010.

22. The contract had not been provided to the court by 11/01/2010, when the Judge found that there was no contract with the new lender and that the letter of intent was not enough to stop the sale to which the parties had agreed in the Stipulation. In my opinion, if the contract had been timely filed with the Court, the hearing would have had a different result. All of the information with respect to the refinancing should have been placed before the court in a timely fashion by Debtor's counsel.

23. At a sanctions hearing on 11/16/2010, Debtor's counsel admitted having emotional problems which affected his ability to prosecute this matter in his client's interest. Debtor's counsel was able to avoid being sanctioned. However, the Court did not extend any requested relief to the Debtor in connection with the complained of conduct in spite of Debtor's request. I find that impossible to understand.

24. I am of the opinion that the Court misdirected Debtor's counsel, when on 11/16/2011, it advised that it did not know if the matter could have been dismissed at this stage, ie immediately prior to the sale. The Court effectively

foreclosed an option that was available to the Debtor. I am of the opinion that the Court should have advised Debtor's counsel that the Petition could have been dismissed by motion after a hearing and that this could have lead to a different result at the hearing on 11/16/2010.

25. As a result, this Court made an order on 11/16/2010 directing Debtor to sell the premises to JEMS LLC for $300,000.00.

26. Immediately after the hearing and on 11/16/2010, I instructed Debtor's counsel of record, Mr. George Gilmer Esq., to appeal the decision.

27. I have not received any rents for the secured premises after the order of sale was made on 11/16/2010. The tenant, upon advice of its counsel, has withheld payment, pending the disposition of this matter.

28. I have also been informed that a mortgagor's right to redeem pursuant to the Law of the State of New York, is not yet extinguished under the circumstances.

29. On 11/30/2010, Debtor's counsel filed the Notice of Appeal.

30. I learned, on or about 12/3/2011 that in filing the Notice of Appeal, Debtor's Counsel did not request a Stay of the proceeding in the Bankruptcy court. I was unable to reach Debtor's counsel in spite of several attempts to do so. I was able to reach my personal attorney, who also tried to get in touch with Debtor's counsel without success. Mr. Goddard determined out of necessity to request a stay from this court. All of the moving papers indicated that the request for a stay was being made by the guarantor. The request for a stay was denied.

31. I have timely complied with every requirement of this Court as I have been ordered. I have timely paid the United States Trustee's office. I have timely paid Jems LLC pursuant to the Stipulation. I have provided monthly operating reports and financial statements. It is because of Jems LLC's own actions in seeking to recover rents directly from the tenant and the tenant's refusal to pay either of the disputants, that there is no money to pay over to Jems LLC since 11/16/2010. Neither I, nor the Debtor, has received any money from the tenant.

32. I have worked arduously to procure new funding for the Debtor and all my efforts have been frustrated by the lack of action by Debtor's attorney.

33. I have never participated in a closing of the sale of the premises, because every time I have enquired, I have been told by Debtor's counsel, that the appeal is pending. In my opinion, I would fail in my fiduciary duty to the Debtor if the appeal were not pursued. I have consistently instructed Debtor's counsel to perfect the appeal and to seek a stay in connection with the appeal. I would never intentionally disrespect this Court or any Court, but I can only rely upon Debtor's Counsel to do what his job requires on behalf of his client.

34. I have also become aware of Mr. Gilmer's application to withdraw as Debtor's counsel. I do not oppose the application, but I do request that the Court continue this matter until August 31, 2011, so that Debtor may find counsel willing to take over this matter under these most difficult circumstances.

35. For all of the foregoing reasons, I ask that the court dismiss the petition or in the alternative, continue this matter to August 31, 2011 to allow Debtor to find counsel willing to take over this matter in these extraordinary circumstances.

Dated: Brooklyn, New York
June 7, 2011

---

DR. JOSEPH EWA

Sworn to before me Joseph L Pellegrino
this 11th day of June 2011



JOSEPH L PELLEGRINO
Notary Public - State of New York
NO. 01PE6188638
Qualified in Kings County
My Commission Expires 26/30/2012